UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 21-CR-70

DWIGHT CLAYTON, et al.,

    Defendants.

## ORDERS AND RECOMMENDATIONS ON THE DEFENDANTS' MOTIONS TO SUPPRESS

Dwight Clayton and Jeffrey G. Coleman are charged with conspiring to distribute at least five kilograms of cocaine. (ECF No. 15 at 1.) Clayton is also charged with possessing a firearm after having been convicted of a felony. (ECF No. 15 at 2.)

Coleman asks the court to suppress: (1) statements he made on March 16, 2021 (ECF No. 28); (2) evidence obtained as a result of a March 16, 2021 traffic stop of his pick-up truck (ECF No. 29); (3) evidence obtained as a result of his arrest on March 16, 2021 (ECF No. 30); (4) evidence obtained as a result of a March 16, 2021 search of his pick-up truck (ECF No. 31) and (5) evidence obtained as a result of searches of a Greendale apartment (ECF No. 32).

With respect to Coleman's motion to suppress his statements (ECF No. 28), the government

> advises the court that the government agrees that Jeffrey Coleman was not advised of his Miranda warnings prior to custodial questioning after his arrest on March 16, 2021. Therefore, the government will not use or attempt to introduce any of the oral statements or non-verbal assertions made by Jeffrey Coleman during his processing at the Milwaukee HIDTA office in Milwaukee on March 16, 2021 in the government's case in chief at any subsequent trial.

(ECF No. 51 at 1.) As for Coleman's motion to suppress evidence obtained pursuant to a search of a Greendale apartment (ECF No. 32), the government

> advises the court that the government agrees that irregularities occurred during the preparation of the state search warrant for 5203 S. 68th Street, Apartment A101, Greendale, Wisconsin. Therefore, the government will not use or attempt to introduce any evidence seized during the search of that property in the government's case in chief at any subsequent trial. The government will confer with defense counsel and negotiate the return of any property seized at a later date.

(ECF No. 52 at 1.) Therefore, those motions (ECF Nos. 28, 32) are moot, and the court will recommend that they be dismissed as such.

Clayton filed his own motions to suppress evidence obtained as a result of his March 16, 2021 arrest (ECF No. 41), a January 27, 2021 traffic stop (ECF No. 42), March 16, 2021 warrants authorizing the search of a residence on Tower Avenue, a residence on Granville Road, and a Kia Optima (ECF No. 43), and statements he made during the January 27, 2021 traffic stop (ECF No. 44). As for this last motion,

> the government agrees that Dwight Clayton was not advised of his Miranda warnings prior to custodial questioning during a traffic stop on

> January 27, 2021. Therefore, the government will not use or attempt to introduce any of the oral statements or non-verbal assertions made by Dwight Clayton during his traffic stop by the Milwaukee County Sheriff's Department on January 27, 2021 in the government's case in chief at any subsequent trial.

(ECF No. 49.) Therefore, Clayton's motion to suppress his statements (ECF No. 44) is moot and the court will recommend that it be dismissed as such.

The government agrees that an evidentiary hearing is required to address the defendants' motions regarding their March 16, 2021 arrests (ECF Nos. 29, 30, 31, 41). (ECF No. 53.) It also agrees that an evidentiary hearing is necessary regarding the January 27, 2021 traffic stop (ECF No., 42). (ECF No. 50.)

With respect to Clayton's motion to suppress evidence obtained pursuant to search warrants (ECF No. 43), he asserts that "no exigent circumstances justified the warrantless entry into his home before securing a warrant. If the government claims that exigent circumstances were present, an evidentiary hearing is necessary to resolve this issue." (ECF No. 43 at 17-18.) He explains, "After consulting with counsel for the government pursuant to Local Rule 12(c), the government indicates that it opposes an evidentiary hearing, and will explain its position in its response." (ECF No. 43 at 18.)

The government's response (ECF No. 50.) does not address Clayton's request for an evidentiary hearing to address whether exigent circumstances existed to justify the entry into Clayton's residence. Therefore, the court will grant Clayton's request for an evidentiary hearing regarding the motion to suppress that was filed as ECF No. 43—

specifically, the question of whether exigent circumstances justified law enforcement's entry into Clayton's residence on March 16, 2021.

**IT IS THEREFORE RECOMMENDED** that Coleman's motion to suppress his statements (ECF No. 28) be dismissed as moot.

**IT IS FURTHER RECOMMENDED** that Coleman's motion to suppress evidence obtained from a search of a Greendale apartment (ECF No. 32) be dismissed as moot.

**IT IS FURTHER RECOMMENDED** that Clayton's motion to suppress his statements (ECF No. 44) be dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk shall schedule a joint evidentiary hearing to address the defendants' remaining motions to suppress (ECF Nos. 29, 30, 31, 41, 42, 43).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 25th day of August, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge